## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Demetrius Devell Dobbins,                          Civil 08-21 (RHK/RLE)

        Petitioner,                                  **ORDER**

vs.

Warden Terry Carlson,

        Respondent.
_____


Before the Court is Petitioner's Application for Certificate of Appealability.  On December 9, 2008, the undersigned adopted, without change, the November 5, 2008 Report and Recommendation of Chief Magistrate Judge Raymond L. Erickson, which, in a thorough and well-reasoned decision, recommended that the Petition for Writ of Habeas Corpus be denied.

Petitioner has filed a Notice of Appeal to the Eighth Circuit and now seeks the required Certificate of Appealability from this Court.

A person in state custody is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A federal district court cannot grant a COA unless the habeas petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate").  Instead, the habeas petitioner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal."  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court finds that Petitioner has not made a substantial showing of the denial of any constitutional right.  His petition for writ of habeas corpus was properly dismissed for the reasons set forth in Judge Erickson's Report and Recommendation. Petitioner has not offered any reason to think that any other court–including the Eighth Circuit Court of Appeals–could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently discern, anything novel,

noteworthy or worrisome about his case that might cause it to warrant appellate review.

Therefore, Petitioner is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Petitioner's Application for a Certificate of Appealability (Doc. No. 25), is **DENIED**.

Dated:  January 13, 2009

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge